[3 NYS3d 609]

In the Matter of JOHN E. TIFFANY (Admitted as JOHN EDWARDS TIFFANY), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 18, 2015

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Supreme Court of New Jersey, by order filed May 28, 2014 (217 NJ 519, 90 A3d 1254 [2014]), disbarred the respondent for his numerous violations of the New Jersey Rules of Professional Conduct (hereinafter RPC) and the New Jersey Rules of Court, including RPC 1.1 (a) (gross neglect) in four matters, RPC 1.3 (lack of diligence) in five matters, RPC 1.4 (b) (failure to keep client informed about the status of the matter and respond to requests for information) in three matters, RPC 1.4 (c) (failure to explain a matter to the extent necessary to permit the client to make informed decisions about the representation) in three matters, RPC 1.5 (a) and (b) (failure to put in writing the basis or rate of the fee), RPC 3.2 (a) (failure to make reasonable efforts to expedite litigation consistent with the interests of the client and to treat with courtesy and consideration all persons involved in the legal process) in two matters, RPC 1.15 (b) (failure to promptly deliver property to a client), RPC 3.3 (a) (failure to disclose to a tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal), RPC 3.4 (a) (unlawfully obstructing another party's access to evidence or unlawfully altering, destroying, or concealing a document or other material having potential evidentiary value, or counseling or assisting another person to do any such act), RPC 3.4 (c) (knowingly disobeying an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligations exist), RPC 5.3 (a), (b), (c) (1) and (2) (failure to supervise a nonlawyer), RPC 5.5 (a) (practicing law while suspended) in two matters, RPC 8.1 (b) (failure to cooperate with disciplinary authorities) in five matters, RPC 8.4 (b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects) in two matters, RPC 8.4 (c) (conduct involving dishonesty, fraud, deceit, or misrepresenta-

tion) in five matters, RPC 8.4 (d) (engaging in conduct that is prejudicial to the administration of justice) in four matters, New Jersey Rules of Court rules 1:21-1A (a) (3) (sic) (professional corporation's failure to file a certificate of insurance with the Clerk of the Supreme Court) and 1:21-1 (a) and RPC 5.5 (a) (1) (failure to maintain bona fide law office). The order was predicated on a review of a decision by the New Jersey Disciplinary Review Board (hereinafter DRB) made on August 19, 2013, pertaining to two separate proceedings—docket Nos. DRB 13-016 and DRB 13-036—after the DRB received the case on certification of default, filed by the Office of Attorney Ethics.

## DRB 13-016

This complaint involved four separate matters: the Dages/Boam matter, the Abramov matter, the Consolazio matter, and the bona fide office matter. Following an ethics hearing, at which the respondent appeared, the Special Master found that the respondent was guilty of unethical conduct in all four matters. The DRB conducted a de novo review of the record, and found that the Special Master's findings were supported by clear and convincing evidence. With respect to the Dages/Boam matter, the DRB found that the respondent was guilty of, inter alia, gross neglect. The DRB's specific findings included a long recitation of the respondent's failures and omissions, e.g., turning the matter over to a nonlawyer to handle, entering a default judgment before obtaining a default, ignoring a notice from a court that the complaint was dismissed, failing to timely move to reinstate the complaint, failing to send a consent order to a deputy attorney general who was amenable to reinstatement of the complaint, permitting his appeal from an order to be dismissed twice, failing to inform his clients of the significant events in the case, and repeatedly misrepresenting the status of the case to his clients. In the Abramov matter, the DRB found that the respondent, without explanation, failed to return his client's property. In the Consolazio matter, the DRB found that the respondent's acts and inaction mirrored his conduct in the Dages/Boam matter. Specifically, the respondent filed an action, but took no steps to advance the case. He failed to advise his client of the status of her case, particularly the dismissal of the complaint. The DRB found that, in 2010, the respondent failed to comply with the bona fide office rule.

## DRB 13-036

The respondent defaulted on this complaint, which involved five matters: the Parrish matter, the JonBaptiste matter, the

Morris County Prosecutor referral, the Portillo matter and the Wade Clark Mulcahy referral. The respondent failed to file an answer to the disciplinary complaint in the above matters and, as a consequence, the allegations were deemed true. The DRB found that the facts recited in the complaint supported most of the charges of unethical conduct, finding specifically that the respondent engaged in gross neglect and a lack of diligence, failed to keep a client reasonably informed about the status of a matter, failed to set forth, in writing, the basis or rate of his fee, failed to cooperate with disciplinary authorities, and engaged in conduct prejudicial to the administration of justice by repeatedly failing to appear at status conferences. Although granted an adjournment to appear at oral argument before the DRB, the respondent not only failed to appear, but also failed to notify the Office of Board Counsel that he would not be appearing at oral argument.

The DRB concluded that disbarment was the appropriate sanction, noting that the respondent advanced no mitigating factors. The following aggravating factors were noted: a pattern of neglect and the repetitive nature of the respondent's conduct. In its decision, the DRB wrote:

> "[W]e find that respondent's egregious lack of concern for his clients, the courts, and the entire judicial system, as described above, disqualifies him from the privilege of practicing law. There is no place in the legal profession for individuals such as respondent, who engender, in the minds of the public, a lack of confidence in the judicial system. He is precisely the type of attorney from whom the public must be protected."

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice pursuant to 22 NYCRR 691.3, informing him of his right to file, within 20 days, a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c). Although duly served on August 14, 2014, with a copy of the notice by the Grievance Committee, the respondent has not filed a verified statement, nor has he requested additional time in which to do so. Since he has neither asserted any defenses nor demanded a hearing, there is no impediment to the imposition of reciprocal discipline.

The records of the New York State Office of Court Administration reflect that the respondent is delinquent in his pay-

ment of attorney registration fees for three biennial periods: 2010-2011, 2012-2013 and 2014-2015.

Based on the findings of the Supreme Court of New Jersey, we find that reciprocal discipline is warranted. Accordingly, the Grievance Committee's application to impose reciprocal discipline is granted, and the respondent is disbarred, effective immediately.

ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, John E. Tiffany, admitted as John Edwards Tiffany, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, John E. Tiffany, admitted as John Edwards Tiffany, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, John E. Tiffany, admitted as John Edwards Tiffany, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John E. Tiffany, admitted as John Edwards Tiffany, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).